**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SUSAN M. ADELIZZIO-LASKER,
        Appellant,

DOCKET NUMBER
NY-3443-16-0301-I-1

        v.

DEPARTMENT OF HOMELAND
    SECURITY,
        Agency.

DATE: January 23, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Susan M. Adelizzio-Lasker</u>, Newfane, New York, pro se.

<u>Matthew C. Landreth</u>, Buffalo, New York, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      On September 28, 2012, the agency proposed removing the appellant from her GS-11 Entry Specialist position with the agency's Office of Customs and Border Protection (CBP) in Buffalo, New York, based on four charges of misconduct.  Initial Appeal File (IAF), Tab 14 at 84-92.  The appellant and her representative responded orally to the notice of proposed removal on February 7, 2013.  *Id.* at 96-102.  During the oral reply, the appellant's representative asked the deciding official to consider demoting the appellant to her previous position under a last chance agreement (LCA) in lieu of removal.  *Id.* at 107-09, 118-20.

¶3      After considering the oral reply and the record evidence, the deciding official issued a decision letter dated August 23, 2013, sustaining three of the charges and the penalty of removal.  *Id.* at 124-27.  The removal was never effected, however.  Instead, on September 11, 2013, the appellant and the agency entered into an LCA, in which the appellant agreed to a demotion to a GS-7 CBP Technician position in exchange for the agency's agreement to hold the removal in abeyance.  *Id.* at 129-31.  The appellant's demotion became effective on

September 22, 2013.  *Id.* at 133.  On August 23, 2014, the appellant separated from the agency under a disability retirement.  *Id.* at 135.

¶4        On September 3, 2016, the appellant filed a Board appeal and requested a hearing.  IAF, Tab 1 at 2.  The appellant alleged that the agency provided the Office of Workers' Compensation Programs (OWCP) erroneous information about her pay grade and the date of the onset of her disability, and that, as a result, the amount of her disability compensation benefits was less than it should be.  *Id.* at 6.  More specifically, the appellant claimed that her disability compensation benefits should have been based on her GS-11 pay rate instead of her GS-7 pay rate.  *Id.*

¶5        The administrative judge issued an order notifying the appellant of her jurisdictional burden and explaining that an employing agency's submission of erroneous information to OWCP is not appealable to the Board.  IAF, Tab 9 at 1; *see Mavronikolas v. U.S. Postal Service*, 39 M.S.P.R. 442, 445 (1989).  The administrative judge directed the appellant to show that the Board has jurisdiction over her appeal.  IAF, Tab 9 at 2.

¶6        In response, the appellant alleged that the agency demoted her based on her uniformed service and, therefore, the Board has jurisdiction over this appeal pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA).[2]  IAF, Tab 12 at 4-5.  The administrative judge explained that the term "uniformed service" in USERRA refers to military service, not the wearing of a uniform while one is performing duties in a civilian position.  IAF, Tab 17 at 1-2.  The

---

[2] USERRA provides, in relevant part, that a person who has performed service in a unformed service "shall not be denied . . . retention in employment . . . on the basis of" that performance of service.  38 U.S.C. § 4311(a).  To establish the Board's jurisdiction over a USERRA discrimination claim arising under 38 U.S.C. § 4311(a), an appellant must allege, inter alia, that she performed duty or has an obligation to perform duty in a uniformed service of the United States.  *Wilson v. Department of the Army*, 111 M.S.P.R. 54, ¶ 8 (2009).

administrative judge found that USERRA does not appear to apply in this appeal because the record indicates that the appellant has not performed military service. *Id.* at 2; *see McAfee v. Social Security Administration*, 88 M.S.P.R. 4, ¶ 12 (2001) (stating that under USERRA, the Board has jurisdiction over the appeal of any person alleging discrimination in Federal employment on account of prior military service). The administrative judge provided the appellant another opportunity to prove jurisdiction. IAF, Tab 17 at 2.

¶7        In response, the appellant asserted that the Board has jurisdiction over this appeal as an individual right of action (IRA) appeal pursuant to 5 U.S.C. § 1221 because the agency retaliated against her for filing a formal whistleblowing complaint and a "congressional" disclosing dishonest and illegal activities at the CBP Port Office in Buffalo, New York. IAF, Tab 18 at 4, 7. The administrative judge explained that the Board has jurisdiction over an IRA appeal if, inter alia, the appellant exhausts her administrative remedies with the Office of Special Counsel (OSC). IAF, Tab 19 at 1. The administrative judge found that this requirement was not met here because the appellant did not first file a complaint with OSC. *Id.* at 2. In that regard, the administrative judge noted that, when the appellant filed her appeal, she indicated on her appeal form that she had not filed a whistleblowing complaint with OSC. *Id.*; IAF, Tab 1 at 4. The administrative judge provided the appellant another opportunity to address the jurisdictional issue. IAF, Tab 19 at 1.

¶8        The appellant submitted several documents in response to the order; however, none of those documents addressed the jurisdictional issue. IAF, Tab 20.

¶9        Without holding the requested hearing, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction. IAF, Tab 25, Initial Decision (ID) at 1, 5. For the reasons discussed above, the administrative judge found that the Board does not have jurisdiction over this matter as either a USERRA appeal or an IRA appeal, and that, even if the agency submitted

erroneous information to OWCP, the Board is not authorized to provide a remedy. ID at 5.

¶10      The appellant has filed a petition for review and supplements to the petition.  Petition for Review (PFR) File, Tabs 1-3.  The agency has filed a response in opposition to the petition.[3]  PFR File, Tab 5.

## ANALYSIS

The Board need not consider the documents the appellant submits on review.

¶11      The appellant submits numerous documents on review.  PFR File, Tab 1 at 9-22, Tab 3 at 4-43.  The Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record closed despite due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  The Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision.  *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).  To constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.  *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989).

¶12      All of the documents that the appellant submits on review are either undated or significantly predate the close of the record, and the appellant has made no showing that any of those documents were unavailable before the close of the record despite her due diligence.  Therefore, the Board need not consider any of the documents that the appellant submits on review.  *Avansino*, 3 M.S.P.R. at 214.

---

[3] In its response, the agency reiterates its argument from below that, even if the Board has jurisdiction over this appeal, the appeal was not timely filed.  PFR File, Tab 5 at 9 n.1; IAF, Tab 24 at 9 n.2.  Because the Board does not have jurisdiction over this appeal, we need not address the timeliness issue.  *See Tardio v. Department of Justice*, 112 M.S.P.R. 371, ¶ 30 (2009), *abrogated on other grounds by Bean v. U.S. Postal Service*, 120 M.S.P.R. 397 (2013).

<u>The Board need not consider the appellant's new claim on review.</u>

¶13     The appellant does not challenge, and we discern no reason to disturb, the administrative judge's explained finding that the Board does not have jurisdiction over her appeal as either a USERRA appeal or an IRA appeal.  *See generally* PFR File, Tab 1; ID at 5.  Instead, for the first time on review, the appellant argues the merits of the charges upon which her removal was based and contends that an analysis of the factors set forth in *Douglas v. Veterans Administration*, [5 M.S.P.R. 280](), 306 (1981), demonstrates that she should not have been removed or demoted.  PFR File, Tab 1 at 4-7.

¶14     The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, [4 M.S.P.R. 268](), 271 (1980).  The appellant has made no such showing.  Although the appellant contends on review that she "just learned" about the *Douglas* factors, PFR File, Tab 1 at 4, the record demonstrates otherwise.  The appellant previously was notified of the *Douglas* factors in an August 2, 2011 decision letter sustaining her 14-day suspension for misconduct.  IAF, Tab 14 at 80-81.  Moreover, the appellant's representative repeatedly cited the *Douglas* factors during the appellant's oral reply to her proposed removal.  *Id.* at 101, 104, 106.  Accordingly, we do not consider the appellant's new argument on review[4] and we find that the administrative judge properly dismissed this appeal for lack of jurisdiction.

---

[4] If the appellant wishes to pursue her claim that she should not have been removed or demoted, she may file a new appeal of those actions with the Board's regional or field office.  The appellant, though, will be responsible for establishing jurisdiction over any such appeal and for showing either that the appeal is timely filed or that there is good cause for any delay.  *See Link v. Department of the Treasury*, [51 F.3d 1577](), 1581 (Fed. Cir. 1995) (stating that the Board generally lacks jurisdiction over adverse actions when the appellant has waived his appeal rights in an LCA); [5 C.F.R. § 1201.22](b)-(c) (regulatory timeliness requirements for Board appeals).

**NOTICE OF APPEAL RIGHTS**[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:
                   /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.